NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-7035

MYRNA T. FURNISH,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs

Respondent-Appellee.

_____

DECIDED: July 13, 2006

_____

Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.

PER CURIAM.

The appellant challenges the United States Court of Appeals for Veterans Claims ("Veterans Court")'s affirmance of the Department of Veterans Affairs ("Department")'s refusal to reopen its rejection of her claim that her veteran husband's death was service connected, or to assist her in presenting that claim. We dismiss the appeal for lack of jurisdiction.

I

Appellant Myrna T. Furnish's deceased husband, William F. Furnish ("Mr. Furnish"), twice served on active duty in the Armed Forces between 1946 and 1968. He died in 1998 of upper gastrointestinal hemorrhage. Mrs. Furnish sought veterans' compensation, claiming that the death was service-related. She contended that her husband's illnesses began in the service in 1964, when he was treated for gastric distress, and that his death was caused by radiation that he was exposed to during his service. The Department denied her claims, and the Board of Veterans Appeals ("Board") affirmed.

Mrs. Furnish then twice moved the Department's regional office to reconsider her claim. The second motion, which was filed in 2001 and is the subject of this appeal, also sought reopening. She contended that Mr. Furnish's death was related to exposure to Agent Orange, and that she was entitled to assistance in proving the claim under the Veterans Claims Assistance Act of 2000, Pub. L. 106-475, 114 Stat. 2096 (2000) ("Assistance Act"); see 38 U.S.C. § 5103(a). She submitted evidence that Mr. Furnish participated in the Vietnam War, U.S. Naval Hospital records, and a second copy of the death certificate. The Department's regional office denied the motion because Mrs. Furnish had not submitted "new and material evidence" as required by the Assistance Act. See 38 U.S.C. §§ 5103A(f), 5108.

The Board affirmed. It ruled that she had not presented any new and material evidence, and thus that under the Assistance Act, the Department was not required to assist her in her claim. The board also held that 38 C.F.R. § 3.159(c), which Mrs. Furnish argued would require the Department to aid her in her reopening claim, see 38

C.F.R. § 3.159(c)(4)(iii), only applied to claimants who sought reopening after the regulation's effective date of August 29, 2001. See 38 C.F.R. §§ 3.159(c)(1)-(3) (describing the type of assistance the Department should provide when the regulation is applicable). Because Mrs. Furnish applied on March 12, 2001, those provisions were inapplicable to her claim.

The Veterans Court affirmed in a single judge order. The court agreed with the foregoing rulings of the Board.

II

We have held that "in the absence of new and material evidence, [the Department] is not required to provide assistance to a claimant attempting to reopen a previously disallowed claim, including providing a medical examination or obtaining a medical opinion." Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs, 345 F.3d 1334, 1342-43 (Fed. Cir. 2003). The Veterans Court upheld the Board's determination that Mrs. Furnish had failed to present any "new and material evidence" to support her claim. Although she challenges that ruling here, it involved "a challenge to" either "a factual determination" or to "a law or regulation as applied to the facts of a particular case," neither of which this court has jurisdiction to review under 38 U.S.C. § 7292(d)(2).

Under that determination of the Board, approved by the Veterans Court, Mrs. Furnish was not entitled either to a reopening of her claim, or to aid from the Department under the Assistance Act in presenting it.

This ruling also disposes of Mrs. Furnish's argument that her right to assistance was provided by the second sentence of 38 C.F.R. § 3.159(c), which states that the

Department "will give the assistance described in paragraphs (c)(1), (c)(2), and (c)(3) to an individual attempting to reopen a finally decided claim." If, as we have held, Mrs. Furnish's failure to present new and material evidence eliminated any obligation by the Department to assist her in seeking reopening of the claim, the existence of an alternative basis for that obligation is immaterial. In any event, in adopting that regulation, the Department stated that it will be applied only "to any claim for benefits received by [the Department] on or after August 29, 2001 [the regulation's effective date]." 66 Fed. Reg. 45,620 (Aug. 29, 2001). Since the Department received Mrs. Furnish's claim for benefits before that date, the regulation is inapplicable to her claim.

CONCLUSION

The appeal is dismissed for lack of jurisdiction.